UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ROBERT WALSH,** | § § § | |
| plaintiff, | § § | |
| v. | § § | Case 4:24-cv-2606 |
| **WILMINGTON SAVINGS FUND SOCIETY, FSB,** | § § § § | |
| defendant. | § | |

### WILMINGTON'S REPLY SUPPORTING DISMISSAL

Mr. Walsh's response confirms Wilmington is entitled to dismissal on all claims. The facts he alleges do not give rise to any plausible claim for relief, are insufficiently pleaded, and/or are completely barred. The court should grant dismissal in Wilmington's favor.

**I.  ARGUMENTS & AUTHORITIES**

**A.  Promissory estoppel claim fails because there was no promise to sign an existing written loan modification agreement.**

1. Mr. Walsh attempts to side-step Wilmington's statute of frauds defense by arguing this theory is "irrelevant" because a loan modification agreement—in his view—"is a separate stand-alone agreement for which there was a meeting of the minds and consideration." (resp. at ¶ 6, dkt. 12.) Under Texas law, a "loan agreement in which the amount involved in the loan agreement exceeds $50,000 in value is not enforceable unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative." Tex. Bus. & Com. Code § 26.02(b). "This means that an agreement for a loan modification under a mortgage agreement exceeding $50,000.00 is subject to the Texas Statute of Frauds and must be in signed writing to be enforceable." *Dixon v. Wells Fargo Bank, N.A.*, Civil Action No. 3:19-CV-1677-G-

BH, 2020 U.S. Dist. LEXIS 255863, *8 (N.D. Tex. 2020). And "Texas courts require that for promissory estoppel to apply, the agreement that is the subject of the promise must be in writing at the time of the oral promise to sign it." *Gordon v. JPMorgan Chase Bank, N.A.*, 505 F. App'x 361 (5th Cir. 2013). Mr. Walsh has not alleged that Wilmington promised to sign such an agreement. Instead, Mr. Walsh alleges that a Select Portfolio Services representative told him that an agreement "should arrive at his house soon." (orig. pet. at ¶ 10.)

2. Because this loan is $1,000,000 "'[a] promise to prepare a written contract is not sufficient. [Wilmington] must have promised to sign a particular agreement which was in writing at the time.'" (orig. pet. at ¶ 7, dkt. 1-2); *George-Baunchand v. Wells Fargo Home Mortg., Inc.*, No. 10-cv-3828, 2011 U.S. Dist. LEXIS 143788, 2011 WL 6250785, at *7 (S.D. Tex. Dec. 14, 2011) (quoting *Beta Drilling, Inc. v. Durkee*, 821 S.W.2d 739, 741 (Tex. App. -Houston [14th Dist.] 1992, writ den.)). Because Mr. Walsh does not allege that Wilmington promised to sign a written agreement to modify the terms of the loan when the oral promise was made, the promissory-estoppel exception to the statute of frauds does not apply.

**B.     Mr. Walsh's fraud claim is barred by the economic loss rule and statute of frauds.**

3. Mr. Walsh contends he properly pleads his fraud claim because he alleges "that defendant offered to restructure his mortgage loan debt if he made three trial period payments in a timely manner and that it is undisputed that plaintiff performed under the terms of the agreement and that defendant failed to fulfill his promise." (resp. at ¶ 8, dkt. 12.) Wilmington's motion argues this claim fails because it (**1**) does not satisfy the heightened pleading requirements, (**2**) is barred by the economic loss rule, and (**3**) is barred by the statute of frauds. (mtd. at ¶¶ 9-17, dkt. 7.)

4. Mr. Walsh only addresses the first ground and ignores the others. "Even if the Court were to find that [Mr. Walsh] has sufficiently stated a common law fraud claim, the Fifth Circuit

has held that the economic loss rule bars fraud claims where a plaintiff alleges no damages independent of those suffered as a result of an alleged breach of contract." *Schor v. Select Portfolio Servicing, LLC*, No. 4:16-CV-829-ALM-KPJ, 2017 U.S. Dist. LEXIS 88128, *10 (E.D. Tex. 2017); see also *Myers v. Bank of Am., N.A.*, 2012 U.S. Dist. LEXIS 45415, 2012 WL 1107687, at *3 (E.D. Tex. Mar. 31, 2012) (holding a fraud claim was barred by the economic loss rule where such claim arose solely from the note and deed of trust and would not exist but for the contractual relationship between the parties); *Garcia v. Universal Mortg. Corp.*, No. 3:12-CV-2460, 2013 U.S. Dist. LEXIS 63445, 2013 WL 1858195, at *9 (N.D. Tex. May 3, 2012) (applying the economic loss rule to bar mortgagor's fraud claim because the loss directly related to the loan).

5. This claim is similarly barred by the statute of frauds because it is predicated on an alleged oral promise to restructure the existing mortgage loan. (orig. pet. at ¶¶ 9-11, dkt. 1-2.); *Hua v. Wells Fargo Bank, Nat. Ass'n*, Civil Action No. H-14-2427, 2014 U.S. Dist. LEXIS 159178, 2014 WL 5877909, at *2 (S.D. Tex. Nov. 11, 2014) ("When tort claims have their nucleus in an alleged oral contract which is unenforceable under the statute of frauds, the statute of frauds bars the tort claims as well.'"); see also *Young v. Deutsche Bank National Trust Co.*, Civil Action No. H-14-1449, 2014 U.S. Dist. LEXIS 123048, 2014 WL 4386028 *3-4 (S.D. Tex. Sept. 4, 2014) (dismissing Plaintiff's common law fraud claims, which were based on allegations that defendants would not take any action to foreclose while a loan modification was sought, for failing to meet the heightened pleading requirements under Rule 9(b) and as barred by the economic loss rule and the statute of frauds).

**C.   Mr. Walsh's Texas Debt Collection Act claim has no merit.**

6. Wilmington is entitled to dismissal on Mr. Walsh's Texas Debt Collection Act claim because (**1**) it is not taking any action prohibited by law, (**2**) it did not lead him to be unaware

he had a mortgage debt, of the specific amount owed or that he defaulted, (**3**) it did not misrepresent the status or nature of its services, (**4**) loan modification discussions are not within the scope of § 392.304(a)(19), and (**5**) he suffered no damages as no foreclosure occurred. (mtd. at ¶¶ 18-26, dkt. 7.) Instead of attacking each of these points, Mr. Walsh contends "allowing defendant to foreclose on its lien rights would be a continuance of defendant's fraudulent act" and claims he sufficiently plead damages such as "mental anguish, out of pocket expenses, damage to credit, lost time and wages" to support his claim. (resp. at ¶¶ 11 & 13, dkt. 12.) Neither argument has merit.

7.  Although Mr. Walsh defaulted on his payment obligations, he contends "seeking to sell the property at a foreclosure sale" violates Texas Finance Code § 392.301(a)(8). (orig. pet. at ¶¶ 9 &21(A), dkt. 1-2.) But courts have held that "foreclosure, or the threat of foreclosure, is not an action prohibited by law when a plaintiff has defaulted on their mortgage." *Wildy v. Wells Fargo Bank, N.A.*, Civil Action No. 3:12-CV-01831-BF, 2012 U.S. Dist. LEXIS 170180, *8 (N.D. Tex. 2012); *Rucker v. Bank of Am., N.A.*, 806 F.3d 828, 831 (5th Cir. 2015) (holding foreclosure threats are not prohibited by law when the mortgagor is in default); *Byrd v. Lakeview Loan Servicing, L.L.C.*, 855 F. App'x 187, 191-92 (5th Cir. 2021) (same). Because Mr. Walsh concedes he "fell into financial difficulties" concerning his loan, the attempt to foreclose was not unlawful.

8.  Proof of an actual injury is a required element of Mr. Walsh's TDCA claims. *Kerr v. Bank of New York Mellon Tr. Co., N.A. as Tr. of CWABS Asset-Backed Certificates Tr. 2007-12*, No. 02-20-00179-CV, 2021 Tex. App. LEXIS 2917, 2021 WL 1421440, at *7 (Tex. App.—Fort Worth Apr. 15, 2021, pet. denied) (holding that "[t]o maintain an action for damages under the TDCA, a plaintiff must plead and prove actual damages."). Section 392.403(a) of the TDCA provides that a person may sue for injunctive relief as well as "actual damages sustained as a result of a violation of this chapter." Mr. Walsh conclusorily claims he is entitled to "indirect economic

damages, damages for lost time, damages for mental anguish, and emotional distress, damages resulting from payment of excess or additional interest, and any consequential damages" but cannot link any of these purported damages to a foreclosure sale that did not occur. (orig. pet. at ¶¶ 22-23, dkt. 1-2.) For this reason, Mr. Walsh "cannot show actual damages in the TDCA context based on the threat of foreclosure where no foreclosure has actually occurred." *Williams v. Freedom Mortg. Corp.*, Civil Action No. 3:22-CV-01973-N, 2023 U.S. Dist. LEXIS 20139, *6 (N.D. Tex. 2023).

**D.   Negligent misrepresentation claim fails.**

9.   In general, "promises of future action are not actionable as a negligent-misrepresentation tort." *De Franceschi v. BAC Home Loans Servicing, L.P.*, 477 F. App'x 200, 205 (5th Cir. 2012). Here, Mr. Walsh bases the strength of his negligent misrepresentation solely on the allegation that "Defendant had offered to restructure Plaintiff's mortgage debt." (resp. at ¶ 15, dkt. 12.) "A promise to do or refrain from doing an act in the future is not actionable because it does not concern an existing fact." *Thomas v. EMC Mortg. Corp.*, 499 F. App'x 337 (5th Cir. 2012). Mr. Walsh, therefore, cannot sufficiently plead a negligent misrepresentation claim when it is based on future conduct. *De Franceschi.*, 477 Fed. Appx. at 205 ("under Texas law, promises of future action are not actionable as a negligent-misrepresentation tort."); *Milton v. U.S. Bank Nat. Ass'n*, 508 Fed. Appx. 326, 2013 U.S. App. LEXIS 1336, 2013 WL 264561, 2 (5th Cir. 2013) (plaintiff did not state viable negligent misrepresentation claim based on promise that mortgage servicer would not foreclose during loan modification because it was promise of future conduct).

**II.   CONCLUSION & PRAYER**

Mr. Walsh's response fails to overcome the numerous arguments entitling Wilmington to dismissal.  His claims are either inadequately pleaded or simply barred. Wilmington requests the

---

court grant its dismissal motion and enter a judgment that Mr. Walsh takes nothing by way of his suit.

Date: October 7, 2024                              Respectfully submitted,

                                             */s/ C. Charles Townsend*
                                             C. Charles Townsend
                                             SBN: 24028053, FBN: 1018722
                                             ctownsend@hinshawlaw.com
                                             --*Attorney in Charge*
                                             Alfredo Ramos
                                             SBN: 24110251, FBN: 3687680
                                             framos@hinshawlaw.com
                                             HINSHAW & CULBERTSON, LLP
                                             1717 Main Street, Suite 3625
                                             Dallas, Texas 75201
                                             Telephone: 945-229-6380
                                             Facsimile: 312-704-3001

                                             **ATTORNEYS FOR WILMINGTON**

## CERTIFICATE OF SERVICE

A true and correct copy of this document was served on October 7, 2024 as follows:

Robert C. Vilt
Vilt Law, PC
5177 Richmond Avenue, Suite 1142
Houston, Texas 77056
**VIA CM/ECF SYSTEM**

                                             */s/ C. Charles Townsend*
                                             C. Charles Townsend